UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-10515-JLS-KS                                        Date: December 11, 2025

Title   <u>Warren A. Nelson v. The People</u>

Present: The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:              Attorneys Present for Respondent:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.    The Petition and Prior Proceedings**

On October 8, 2025, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus, which was properly construed as being brought under 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) The Petition was erroneously filed in the United States District Court for the Northern District of California, but transferred to the Central District on October 29, 2025. (Dkt. No. 6.) The Petition seeks a ten-year reduction of Petitioner's indeterminate sentence of 38 years to life, which was imposed following a jury trial and conviction in the Los Angeles Superior Court of attempted first degree robbery, committed for the benefit of a criminal street gang, in which Petitioner personally discharged a firearm causing death.[1] *See People v. Nelson*, No. B221843, 2011 WL 3572157, at *1 (Cal. Ct. App. Aug. 16, 2011).

Petitioner appealed the judgment of conviction to the California Court of Appeal, Second Appellate District, Division Three, and the state appellate court affirmed the conviction with minor modifications to Petitioner's sentence credits on August 16, 2011. *Id.* at *1, 10. The Petition does not reflect, and the Court is unable to find, any petition for review being filed in the California Supreme Court challenging the California Court of Appeal's decision.

---

[1] The Petition does not provide the dates of Petitioner's conviction and sentence. However, because Petitioner appealed his judgment of conviction and the date of the appellate court's decision is available, the timeliness analysis is unaffected by the missing dates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-10515-JLS-KS                                              Date: December 11, 2025

Title        *Warren A. Nelson v. The People*

Petitioner filed a prior habeas petition in this Court, (*see Warren Andrew Nelson v. People of California*, No. 2:21-cv-08811-JLS-KS), which Petitioner voluntarily dismissed after this Court ordered him to show cause why that petition was not time-barred. (*Id.* at Dkt. Nos. 3, 4.)

Petitioner's available state court records also reflect that he filed a state habeas petition in the California Supreme Court on August 14, 2023. *See Nelson (Warren Andrew) on H.C.*, No. S281455 (Cal. 2023), *available at* https://appellatecases.courtinfo.ca.gov (last visited on December 11, 2025).[2]

### II.   Habeas Rule 4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.* Accordingly, **by this Order, the Court notifies Petitioner that the Petition is subject to dismissal because it is facially untimely.**

### III.   The Petition is Facially Untimely

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a

---

[2] *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Zinman v. Asuncion*, No. 2:22-cv-00886-JVS-JC, 2022 WL 580731, at *1 (C.D. Cal. Feb. 24, 2022) (taking judicial notice of the dockets of the California Court of Appeal).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10515-JLS-KS                                                  Date: December 11, 2025

Title   <u>Warren A. Nelson v. The People</u>

"properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Here, section 2244(d)(1)(A) is the only applicable subsection based on the face of the Petition and available state court records. Under that provision, the state court's judgment of conviction became final on September 25, 2011 – forty days after the California Court of Appeal issued its decision, which was the deadline for filing a petition for review in the California Supreme Court. *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); Cal. R. Ct. 8.366(a)(1), 8.500(e)(1). The limitations period then ran from approximately September 26, 2011 to September 26, 2012. 28 U.S.C. § 2244(d)(1)(A). However, Petitioner did not commence the pending federal habeas action until October 2025. Consequently, the Petition is facially untimely by more than 13 years and subject to dismissal. *See* Habeas Rule 4.

Further, the Petition does not allege, much less establish, that Petitioner is entitled to an alternative commencement date for the statute of limitations or that he is entitled to statutory or equitable tolling. Notably, Petitioner's state court records do not indicate that any state habeas petitions were filed prior to 2023, long after AEDPA's one-year statute of limitations had lapsed. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-10515-JLS-KS                                                              Date: December 11, 2025

Title   *Warren A. Nelson v. The People*

his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

In sum, Petitioner has not – and most likely cannot – demonstrate sufficient statutory and/or equitable tolling to extend his deadline for filing the instant Petition. Accordingly, the Petition is untimely, rendering this action subject to dismissal under Habeas Rule 4.

### IV.   Conclusion and Order

The Court's review of the Petition and available state court records establishes that Petitioner is not entitled to relief because the Petition is untimely, which subjects the Petition to summary dismissal under Habeas Rule 4. Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to show his Petition is, in fact, timely by filing a First Amended Petition that establishes such.

**IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than January 12, 2026, shall file a First Amended Petition that does all of the following:**

(1) **Clearly identifies the state court judgment or proceeding that Petitioner is challenging;**
(2) **Clearly identifies the date on which the statute of limitations began to run on Petitioner's claim;**
(3) **Establishes one or both of the following:**
   a. **Petitioner is entitled to statutory tolling due to the number and timing of his state habeas petitions attacking the relevant conviction or sentence; and/or**
   b. **Petitioner diligently pursued the instant habeas claims but extraordinary circumstances beyond his control prevented Petitioner from filing the Petition for many years.**

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-10515-JLS-KS                                              Date: December 11, 2025

Title   *Warren A. Nelson v. The People*

    The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

    **IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |